## AMOS HORN *vs.* BENJAMIN SWETT.

When a creditor causes his execution to be extended upon the lands of his debtor, and the appraisers in valuing the lands, by mistake, estimate them at less than their value, the debtor has no remedy to correct the mistake, but by redeeming the lands.

THIS was assumpsit for $200, money had and received, and for $200, money paid, laid out and expended.

The cause was submitted to the decision of the court upon the following facts. The plaintiff, *Horn*, on the 3d of Sept. 1804, conveyed a certain house and house lot in Haverhill, in this county, to one *David How*, in mortgage to secure the payment of $307 24 and interest, in one year from that

Horn
*vs.*
Swett.

date. The defendant, *Swett*, having obtained an execution against *Horn*, on the 13th February, 1816, caused it to be duly extended upon a part of the mortgaged premises, subject to *How's* said mortgage. The officer who made the extent applied to *Horn* to give him information as to the amount of the incumbrances upon the land; but *Horn* refused to give any information on the subject. The appraisers, in valuing the land, took the amount of the incumbrance from the record of *How's* deed in the register's office, and they over estimated the incumbrance about $90, a payment made by *Horn* to *How* eight or ten years before, being wholly unknown to them and to the defendant, and of course estimated *Horn's* right in equity to redeem at about $90 less than they would have done, had the said payment by *Horn* to *How* been known to them. And it was agreed, that if the court should be of opinion, upon the foregoing facts, that the plaintiff was entitled to judgment, the defendant should be defaulted, otherwise the plaintiff to become nonsuit.

*Sloan*, for the plaintiff.

*J. Bell*, for the defendant.

*By the court.* We are of opinion that no action can be maintained upon the facts stated. The plaintiff has altogether mistaken his remedy. If the land was actually worth in money more than the sum at which it was estimated, he should have availed himself of the privilege which the statute gives him to redeem it; and if unable to do that, he should have sold his right to redeem it. Having neglected to do this, he is not now to be heard to say that the land was estimated too low. It by no means follows, because the appraisers estimated the land at $90 less than they would have done had they known all the facts, that they in fact estimated it at less than its worth in money. As the plaintiff did not see fit to redeem, the presumption is, that the appraisers estimated the interest of *Horn* in the land at its full value. But be this as it may, we are clearly of opinion that there is no remedy by action to correct a mistake of this kind.

*Plaintiff nonsuit.*